UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22075-BLOOM/Otazo-Reyes

TERRA'S GARDEN LLC,
*a Florida Limited Liability Company*,

    Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,
*a foreign corporation*,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Amended Complaint, ECF No. [13] ("Motion"), filed on September 12, 2022. Plaintiff filed a Response, ECF No. [18], to which Defendant filed a Reply, ECF No. [19]. The Court has considered the Motion, the Response, the Reply, the record, the applicable law, and is otherwise fully advised. For the reasons stated below, Defendant's Motion is granted in part and denied in part.

**I.**  **BACKGROUND**

This is an insurance dispute relating to damages to Plaintiff's property allegedly caused by Hurricane Irma in 2017. *See* ECF No. [11]. The operative Amended Complaint contains a single breach of contract claim against the Defendant insurer. *Id.* Plaintiff seeks damages "including, but not limited to, damage to the Premises, its contents, loss of use, costs, interest as allowed by law," and attorney's fees. *Id*. at 4.

On September 12, 2022, Defendant filed the instant Motion. ECF No. [13]. The Motion seeks three forms of relief. First, Defendant seeks dismissal due to Plaintiff's failure to comply with conditions incorporated in Judge Kathleen Williams' Order of Dismissal in *Terra's Garden,*

*LLC v. Continental Casualty Company*, No. 20-cv-20812 ("Original Action"). *Id.* at 1-3. Alternatively, Defendant seeks an order from this Court compelling Plaintiff to produce full discovery responses to interrogatories that Defendant sent Plaintiff in the Original Action. *Id*. at 3. Lastly, to the extent the Court does not dismiss Plaintiff's case in full, Defendant seeks dismissal of the Amended Complaint to the extent it seeks coverage for business interruption losses or loss of use. *Id.* at 6. Plaintiff responds that it fully complied with the refiling conditions from the Original Action. ECF No. [18] at 3. Plaintiff further asserts that it does not seek business interruption losses. *Id.* at 6. To the extent the Court finds Plaintiff's allegations unclear, Plaintiff requests leave to amend. *Id.* at 7. Defendant replies that its dismissal argument is premised on Plaintiff's failure to supplement its discovery responses in the Original Action. ECF No. [19] at 1. Defendant provides several examples of Plaintiff's interrogatory responses in that case that Defendant deems insufficient. *Id.* at 2-3.

II.   **LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

Case No. 22-cv-22075-BLOOM/Otazo-Reyes

When reviewing a motion to dismiss, a court, as a general rule, accepts the plaintiff's allegations as true and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). While the Court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Defendant's Motion raises two issues: (A) whether Plaintiff has complied with the refiling requirements incorporated in the Order of Dismissal of the Original Action; and (B) whether Plaintiff's Amended Complaint impermissibly seeks recovery for "business losses" or "loss of use" of equipment.

#### A. Plaintiff's Compliance with the Refiling Requirements

The instant case is a refiling of Case No. 20-cv-20812, which was dismissed by Judge Williams on December 16, 2020. *See* Original Action, ECF No. [75]. Therein, Judge Williams adopted the Report and Recommendations issued by Magistrate Judge Edwin Torres, which recommended that the Original Action be dismissed without prejudice but that conditions be placed on Plaintiff's refiling of this suit. Original Action, ECF No. [69] at 1. Those conditions were "the conditions the parties have agreed upon" in a Reply brief that Plaintiff had filed in the Original Action. *Id.* Therein, the parties agreed to the following refiling conditions: (1) Plaintiff

3

will be bound by its admissions in the Original Action; (2) Plaintiff will supplement its discovery responses upon refiling to the extent supplementation is necessary; (3) the case will be refiled in this Court; and (4) Plaintiff will reimburse Defendant for the removal fee in the Original Action. ECF No. [68] at 2-3.

The parties' briefings on Defendant's Motion indicate that only the second refiling condition remains at issue. That condition states:

> Defendant cites to its September 24, 2020 Amended Motion for Discovery -- Unopposed Motion to Compel Discovery Responses and Extend Discovery Deadline (DE 40) and requests that the Plaintiff be required to serve complete discovery responses upon the filing of a new complaint. Plaintiff notes that, pursuant to the Court's September 29 Order (DE 41), on September 30, 2020, Plaintiff served responses to the Defendant's discovery requests. To the extent, if any, that those responses require further supplementation, Plaintiff will do so upon refiling this action.

ECF No. [18] at 15.

Defendant advises that during the Original Action, Plaintiff repeatedly failed to comply with the court's orders and ignored its obligation to respond to Defendant's discovery requests and the court's orders regarding those discovery requests. As a result, and in response to Defendant's Motion to Dismiss the Original Action with prejudice, Plaintiff ultimately moved to withdraw its complaint without prejudice. Defendant thereafter agreed not to oppose that motion if Plaintiff agreed to comply with certain conditions should Plaintiff refile its claims. One of those conditions was Plaintiff's agreement to supplement its discovery responses prior to recommencing litigation. Defendant contends that, to date, Plaintiff has not yet supplemented its responses.

Plaintiff responds and interprets the provision's "[t]o the extent" phrase to mean that its duty to supplement is conditioned on a determination that "further supplementation" is required. ECF No. [18] at 5. Defendant replies that Plaintiff's interrogatory responses were "patently deficient," so Plaintiff knew that supplementation was necessary. ECF No. [19] at 2.

Defendant replies by excerpting portions of Plaintiff's responses to interrogatories by demonstrating Plaintiff's non-responsive and deficient compliance. Upon review of the examples provided in Defendant's Reply, ECF No. [19] at 2-3, the Court agrees with Defendant that supplementation is necessary. However, the Court also agrees with Plaintiff that, given the conditional phrasing of the provision referenced above and Plaintiff's otherwise compliance with the refiling conditions, the harsh sanction of dismissal is not warranted. ECF No. [18] at 6. Rather, the Court concludes that the appropriate remedy is for Plaintiff to immediately supplement its discovery responses.

**B. The Amended Complaint's References to Loss of Use and Business Expenses**

Defendant argues that Plaintiff's Amended Complaint must be dismissed to the extent it seeks "recovery of business interruption losses and loss of use," because such losses are not covered by the parties' insurance agreement. ECF No. [13] at 7. Plaintiff responds that it does not seek recovery for business interruption loss. ECF No. [18] at 6. According to Plaintiff, "Plaintiff's indication that it lost profits and use of equipment due to Hurricane Irma is not the equivalent of seeking recovery for business interruption expenses – especially when Plaintiff does not explicitly state legal entitlement to same." ECF No. [18] at 7.

Upon review of the Amended Complaint, the Court agrees with Defendant that the Amended Complaint appears to seek recovery for "loss of use" of the equipment. ECF No. [11]. In a section entitled "General Allegations," the Amended Complaint asserts that the insurance policy provides coverage "for loss of use" of Plaintiff's processing equipment. *Id*. ¶ 6. In Count I, Plaintiff asserts that it has suffered "loss of use and lost profits," among other damages. *Id*. ¶ 12. Lastly, in the demand for relief, the Amended Complaint seeks damages "including, but not limited to, damage to the Premises, its contents," and "loss of use." ECF No. [11] at 4.

5

Case No. 22-cv-22075-BLOOM/Otazo-Reyes

The Amended Complaint's repeated references to "loss of use," especially in the demand for relief, leads to the reasonable inference that Plaintiff is, in fact, seeking recovery for "loss of use." Plaintiff has represented that it does not seek recovery for business interruption losses. ECF No. [18] at 7. Accordingly, the Amended Complaint must be amended to remove the references to "loss of use" and to clarify that the relief sought dies not include business interruption losses.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [13]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff shall supplement Defendant's written discovery demands **no later than December 16, 2022**.

3. Plaintiff's Amended Complaint, **ECF No. [11]**, is **DISMISSED**.

4. Plaintiff shall file a Second Amended Complaint in accordance with this Order **no later than December 21, 2022.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record